UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

NOV  9 2016

David J. Bradley, Clerk of Court

J. D. JORDAN, Pro se,
a shareholder of Dynegy Inc

Plaintiff

-v-

Robert Flexton C, Pres. and CEO
Marion Alonso...EVP
Catherine Callaway...EVP & Gen. Counsel
Jeanne Burke...EVP
Clint Freeland... Ex V.P. and CFO
Henry Jones....EVP
Dynegy INC

Defendants

Private Right of Action
under Section 16 b
of the Securities Act of 1934
Civil Action No.

## COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiff, alleges, based upon knowledge with respect to the facts relating to him and upon information and belief with respect to all other allegations, as follows:

### INTRODUCTION

2. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendants Robert Flexton C, Marion Alonso, Catherine Callaway, Jeanne Burke, Clint Freeland, Henry Jones, while they was statutory insiders of Dynegy Inc.

3. Robert Flexton C, Marion Alonso, Catherine Callaway, Jeanne Burke, Clint Freeland, and Henry Jones at all relevant times were officers of Dynegy Inc. within the meaning of Section 16(b).

1

4. Section 16(b) requires company insiders to disgorge any profits earned through short-swing insider trading (i.e., purchases and sales, or sales and purchases, of the company's securities, within less than a six month period). Actual misuse of inside information is not an element of the claim although the statute embodies a presumption that statutory insiders have access to such inside information

## PARTIES

- Plaintiff J D Jordan is a shareholder of Dynegy Inc .

- Defendants Robert Flexton C, Marion Alonso, Catherine Callaway, Jeanne Burke, Clint Freeland, and Henry Jones maintain their principal office at 601 TRAVIS 14TH FLOOR HOUSTON, TX77002

- Defendant Dynegy Inc .

------------------------------------------

5. Dynegy Inc , Common Stock is registered with the SEC pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NASDAQ and NYSE under the symbol DYN .

6. Dynegy Inc is a necessary party as this action is brought by Plaintiff in order to obtain a recovery for the Firm.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].

8. Venue is properly laid in this District because Defendants Robert Flexton C, Marion Alonso, Catherine Callaway, Jeanne Burke, Clint Freeland, and Henry Jones are located in this District.

2

## SUBSTANTIVE ALLEGATIONS

9. The transactions illustrated below are shown on Form 4s filed with the SEC by Robert Flexton C, Marion Alonso, Catherine Callaway, Jeanne Burke, Clint Freeland, and Henry Jones officers for Dynegy Inc: The SEC Form 4s show all of the relevant filings by these insiders.

**Robert Flexon**

| Shares Purchase | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 10,000 | 3/1/2016 | $10.08 | 10,000 | 10/29/2015 | $19.46 | $93,800 |
| 9081 | 3/1/2016 | $10.08 | 9081 | 3/18/2016 | $13.41 | $30,239 |
| 3,180 | 11/13/2015 | $16.70 | 3,180 | 10/29/2015 | $19.46 | $8,776 |
| 8,000 | 8/12/2015 | $22.91 | 8000 | 3/18/2015 | $28.84 | $47,440 |
| | | | | | Total | $150,016 |

**Mario Alonso**

| Shares Purchase | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 656 | 8/14/2015 | $25 | 656 | 3/3/2015 | $27.24 | $1,469 |
| 445 | 8/14/2015 | $25 | 445 | 3/18/2015 | $28.84 | $1,708 |
| | | | | | Total ......| $3,177 |

The line in red refers to a choice that could be matched with the 10,000 purchase on 3/1/2016

3

### Catherine Callaway

| Shares Purchase | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 1579 | 8/13/2015 | $24.38 | 1579 | 3/18/2015 | $28.84 | $7,042 |
| 921 | 8/18/2015 | $24.38 | 921 | 3/3/2015 | $27.24 | $2,634 |

Total................$9676

### Jeanne Burke

| Shares Purchase | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 1480 | 8/18/2015 | $25.66 | 1480 | 3/18/2015 | $28.84 | $4,760 |
| 1285 | 8/18/2015 | $25.66 | 1285 | 3/3/2015 | $27.24 | $2,030 |

Total..............$6790

### Clint Freeland

| Shares Purchase | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 2,000 | 8/13/2015 | $24.5 | 2000 | 3/18/2015 | $28.84 | $8,680 |

### Henry Jones

| Shares Purchase | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 3000 | 8/18/2015 | $25.90 | 3000 | 4/1/2015 | $30.30 | $13,200 |

==================================================================

Total Profit........$191,539

## BASIS FOR INFORMATION AND BELIEF

10. Plaintiff's information and belief is based on, among other things, the SEC Form 4s referenced herein and the violations of the Securities law as described below

## ALLEGATIONS AS TO DEMAND

11. Plaintiff notified Dynegy Inc of the facts alleged above (the "Demand"). Attorneys for Dynegy Inc refused to request disgorgement of the profits from defendants and refused to file suit to recover such profits totaling $191,539, after 60 days have passed from the 60 days notices were received by Dynegy Inc .

12. The attorneys for Dynegy Inc in letters to Plaintiff, Mr. Jordan alleged that the dispositions from defendants to Dynegy Inc were exempt from Section 16 b of the 1934 Act via SEC Rule 16 b-3(e) and thus the attorneys alleged that the dispositions could not be matched with the purchases.

13. Plaintiff claims that, among other facts, that there was no proper approval of the dispositions from Defendants to Dynegy Inc and no exemptions from Section 16 b of the 1934 Securities Act. The dispositions to Dynegy could not be exempted by SEC Rules since the dispositions were "comprehended within the purpose of section 16 b".

14. Also, none of the dispositions to the issuer were "automatic" as required to achieve an exemption under 16 b-3(e) as the approval documents give the choice of the payment of the tax liability to the insider with the issuer having no discretion..

15. See the Q and A below to the Staff of the SEC………Question 123.16

**Question:** Would approval of a grant that by its terms provides for **automatic** reloads satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants?
**Answer:** Yes. Approval of a grant that by its terms provides for **automatic** reloads would satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants, unless the **automatic** reload feature permitted the reload grants to be withheld by the issuer on a discretionary basis.
The same result applies under Rule 16b-3(e) where the **automatic** feature is a tax- or exercise-withholding right. [May 23, 2007]

## PRAYER FOR RELIEF

16. WHEREFORE, Plaintiff prays for judgment against Defendants Robert Flexton C, Marion Alonso, Catherine Callaway, Jeanne Burke, Clint Freeland, and Henry Jones in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

17. The amount to be at a minimum of $ 191,539.

DATED this 11th day of NOVEMBER , 2016.

J.D Jordan
Box 23866

New Orleans

Louisiana 70183

504-737-3854