IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J. D. JORDAN, *Pro se*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-03316 |
| | § | |
| ROBERT FLEXTON, MARION | § | |
| ALONSO, CATHERINE CALLAWAY, | § | |
| JEANNE BURKE, CLINT FREELAND, | § | |
| HENRY JONES, AND DYNEGY, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendants Robert Flexon, Mario Alonso, Catherine Callaway James, Carolyn Burke, Clint Freeland, and Henry Jones (collectively, the "Officers") and Dynegy Inc. ("Dynegy")[1] file this Reply Memorandum in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully show the Court the following:

Jordan's[2] response to Defendants' motion to dismiss, while highly confusing, often nonsensical, and premised on irrelevant "authority," does get one thing right: the "main question that is before this court is whether the sales/dispositions are exempt from 16(b)." (Response at ¶ 31.) The answer to that question is yes, the Dispositions are exempt under Section 16(b). The Dispositions were carried out as part of routine equity compensation transactions with Dynegy.

---

[1] While Jordan claims that the undersigned attorneys' representation of the Officers and Dynegy is "improper" in paragraph 1 of his Response, the terms under which the undersigned represent Defendants are irrelevant and, if anything, reflect that the party who would receive any benefit from the lawsuit – Dynegy – agrees that the lawsuit has no merit.

[2] Unless otherwise noted, capitalized terms in this Reply Memorandum have the same meaning as defined in Defendants' February 21, 2017 Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum in Support (the "Motion"). (Dkt. No. 14.)

Those transactions, like virtually all compensation-related transactions in equity securities between a director or officer and the issuer, were *designed* to be exempt transactions under Section 16(b). And the SEC Form 4 filings on which the complaint relies expressly identify the transactions at issue as exempt under SEC Rule 16b-3, which they are.

The exemption rule is straight-forward. So long as dispositions are approved in advance, Rule 16b-3(e) "exempt[s] dispositions of issuer equity securities to the issuer pursuant to … the right to have securities withheld, or to deliver securities already owned, either in payment of the exercise price of an option or *to satisfy the tax withholding consequences* of an option exercise or *the vesting of restricted securities*." Ownership Reports and Trading by Officers, Directors and Principal Security Holders, Exchange Act Release Nos. 34-37260, 35-26524, 61 Fed. Reg. 30376-01 (June 14, 1996); 17 C.F.R. §§ 240.16b-3(d) & (e). (Emphasis added).

Here, the Dispositions were properly approved and thus were exempt "sales" under Section 16(b). The terms of the Dispositions were set and governed by the SUA Agreements, which were approved by the Committee, and the 2012 LTI Plan, which was approved by Dynegy's stockholders. (Lewis Decl. ¶ 3; Exs. C to F.) Jordan has set forth no discernible factual basis for his allegation that the Dispositions were not properly approved and thus exempt. To the contrary, the information available to Jordan is that the Form 4 filings on which he relies designated the transactions as exempt.[3] Likewise, Jordan's assertion that the Dispositions are not

---

[3] To assert any claim, Jordan would need both a factual basis to allege that the transactions were not exempt, and a particularized factual basis—that satisfies the stringent pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure—to allege that representations made in the Form 4 were false. *Roth* v. *Reyes*, 06-CV-02786, 2007 WL 518621, at *8 n.2 (N.D. Cal. Feb. 13, 2007) ("In cases such as this one, where the Plaintiff's theory of liability hinges on alleged misrepresentations by the insiders in their Section 16(a) disclosures, … the more rigorous standard of Rule 9 applies." (citations omitted)). Jordan's mere supposition that the Dispositions may not have been approved does not rise to the level of particularity that Rule 9(b) requires. Indeed, the SEC filings, none of which Jordan disputes and all of which the Court may take notice, contradict any contention that the Dispositions were not approved in advance. Thus, because Jordan has not pled any factual allegations "to raise a right to relief above the speculative level," *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (citation omitted), there is no basis to allow

exempt under Rule 16b-3(e) because each individual disposition was not subsequently (and separately) approved by the Committee at the time the individual disposition occurred (*see* Compl. ¶¶ 13-14) directly contradicts Rule 16b-3 and the SEC's notes explaining it, which state that: "Where the terms of a subsequent transaction (such as the exercise price of an option, <u>*or the provision of an*</u> exercise or <u>tax withholding right</u>) are provided for in a transaction as initially approved [by the Committee], such subsequent transaction shall not require further specific approval." 17 C.F.R. § 240.16b-3 n.3.

Finally, Jordan's assertion that dispositions to satisfy the tax withholding consequences of the vesting of restricted securities are not exempt unless the withholding is "automatic" in that the insider *must* pay the tax with shares and cannot elect to pay the tax with cash instead finds no support in the law and has been repeatedly rejected. (*See* Motion at 12-13.) It also makes no sense, as the officer's tax liability is the same whether paid in stock or cash. And, the value is the same because at the moment the cash is not tendered the stock is withheld/sold at the prevailing market price on the vesting date. Simply put, such "issuer-insider transactions, where both parties have the benefit of 'insider' information, are not comprehended within the purpose of Section 16(b)," do not create any plausible opportunity for abusive trading, and thus were not "sales" under Section 16(b). *See Roth ex rel. Beacon Power Corp.*, 522 F.3d 242, 249 (2d Cir. 2008) (citation omitted).

## **CONCLUSION AND PRAYER**

Because Jordan has failed to state a claim upon which relief may be granted under Section 16(b), the Complaint should be dismissed with prejudice.

---

Jordan's claims to proceed to discovery in the hope that – contrary to the Form 4s – he will find something will show that the Dispositions were somehow not authorized.

Dated:  March 13, 2017                              Respectfully submitted,

                                                            By: */s/ Joseph A. Fischer, III*
                                                                  Joseph A. Fischer, III
                                                                  Texas Bar No. 00789292
                                                                  Jackson Walker L.L.P.
                                                                  1401 McKinney, Suite 1900
                                                                  Houston, Texas 77010
                                                                  (713) 752-4200
                                                                  (713) 752-4221 (Fax)
                                                                  Email: tfischer@jw.com

                                                                  Jay K. Wieser
                                                                  State Bar No. 24060826
                                                                  Jackson Walker L.L.P.
                                                                  777 Main Street, Suite 2100
                                                                  Fort Worth, TX  76102
                                                                  (817) 334-7200
                                                                  (817) 334-7290 – Fax
                                                                  Email:  jwieser@jw.com

                                                          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 13, 2017, a copy of the foregoing document was filed electronically using the Court's Electronic Case Filing System. I also hereby certify that a copy of the foregoing document was served on the Plaintiff by facsimile to (504) 737-3854, by electronic mail to jdsgold@gmail.com, and by U.S. First Class mail to the following address:

J. D. Jordan
Box 23866
New Orleans, LA 70183

                                                */s/ Jay K. Wieser*
                                                Jay K. Wieser